**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1021

RICKY E. HALE,

Plaintiff - Appellant,

versus

AMERICAN ELECTRIC POWER LTD PLAN; BROADSPIRE
SERVICE INCORPORATED; AMERICAN ELECTRIC POWER
SERVICE CORPORATION,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of Virginia, at Abingdon.  Glen M. Williams, Senior
District Judge.  (CA-04-00053)

Submitted:  February 26, 2007        Decided:  March 6, 2007

Before WILKINS, Chief Judge, and WILKINSON and NIEMEYER, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Joseph E. Wolfe, David S. Bary, WOLFE, WILLIAMS & RUTHERFORD,
Norton, Virginia, for Appellant.  Thomas M. Winn, III, Frank K.
Friedman, Joshua F. P. Long, WOODS ROGERS, P.L.C., Roanoke,
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky E. Hale commenced this action under § 502(a) of ERISA, 29 U.S.C. § 1132(a), for long-term disability benefits under an ERISA plan sponsored and administered by his employer, American Electric Power Service Corp. He claims that after back surgery to correct a herniated lumbar disc, he continued to have pain and became permanently disabled, as that term is defined in the plan. American Electric Power provided Hale with benefits for approximately 24 months based on Hale's inability to perform his own job at American Electric Power. However, it discontinued long-term benefits because such benefits would only be payable after 24 months if Hale were "unable to perform the duties of any job for which [he was] reasonably qualified due to education, training, and experience." American Electric Power based its discontinuation of benefits on medical evaluations made by three different doctors; a functional capacity evaluation conducted by a physical therapist; a vocational expert's assessment; and two independent peer reviews by other doctors. The district court granted American Electric Power's motion for summary judgment, and Hale now appeals.

Hale contends that American Electric Power's determination merits no or reduced deference because its appeals committee acted under a conflict of interest. See Ellis v. Metro. Life Ins. Co., 126 F.3d 228, 233 (4th Cir. 1997); Doe v. Group Hospitalization & Med. Servs., 3 F.3d 80, 87 (4th Cir. 1993). But he provides little

-2-

or no evidence to support his contention, stating merely, "the fiduciary is required to act absolutely free of any conflict. The actions of the defendant in this matter evidence a complete breach of fiduciary duty to that of Hale." Hale's argument has no merit.

The ERISA plan in this case provided that plan administrators were entitled to carry out their responsibilities with the "maximum discretionary authority permitted by law." When administrators have such discretion, courts review their decisions only for an abuse of discretion. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989); Booth v. Wal-Mart Stores, Inc., 201 F.3d 335, 341 (4th Cir. 2000). Although it is true that a conflict of interest reduces the deference that courts will accord trustee's decisions, the mere fact in this case that American Electric Power funded, sponsored, and administrated the plan itself does not alone create a conflict of interest subjecting American Electric Power's appeals committee to less deference. See Colucci v. Agfa Corp. Severance Pay Plan, 431 F.3d 170, 179 (4th Cir. 2005). Since Hale has shown no more, we review the plan administrator's decision for abuse of discretion.

On the merits of his claim, Hale contends essentially that American Electric Power abused its discretion in concluding that after his operation, Hale was qualified to perform jobs that matched his education, training, and experience. Stressing his employment history in non-clerical positions such as maintenance

-3-

mechanic, trim carpenter, coal miner, and machine operator, Hale contends that he is incapable of performing the clerical positions identified in American Electric Power's employability assessment. Yet, Hale informed the vocational expert that he had completed high school and had average abilities in reading, writing, and mathematics. The record shows also that Hale regularly used computers to compose and read email messages. He also frequently read, helped his children with homework, did laundry, and attended church. Indeed, his own treating physician found that Hale could lift items weighing 10 to 20 pounds for up to two-thirds of a workday and that he could stand or walk for up to four hours, spread throughout a workday.

Such evidence, combined with the professional opinions of American Electric Power's experts, provides a reasonable basis for concluding that Hale was not incapable of performing some clerical jobs. Even if we were to reach a different conclusion, we would not substitute our judgment for a plan administrator's when, as here, the administrator's decision was "the result of a deliberate, principled reasoning process" and was "supported by substantial evidence." Bernstein v. Capital Care, Inc., 70 F.3d 783, 788 (4th Cir. 1985). Concluding that American Electric Power acted within the discretion conferred on it by its ERISA plan, we affirm the judgment of the district court.

AFFIRMED